**In re Wendell E. SIMS, Debtor.**

**CENTRAL BANK OF THE SOUTH, Plaintiff,**

v.

**Wendell E. SIMS, Defendant.**

**Bankruptcy No. 84–01697.**
**Adv. No. 85–0246.**

United States Bankruptcy Court, N.D. Alabama.

March 31, 1986.

Patrick Jones, Huntsville, Ala., for debtor.

James Sledge, Gadsden, Ala., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction —*

On March 28, 1984, the debtor commenced the above-styled case with the filing of a voluntary petition under chapter 11 of title 11, United States Code, and the case was converted to a case under chapter 7 on January 9, 1985. The above-styled adversary proceeding involves an objection to the debtor's discharge under 11 U.S.C. § 727(a)(2) and (5), and a determination of dischargeability of a debt to the plaintiff under 11 U.S.C. § 523(a)(4) and (6). The case was tried before the Court without intervention of a jury and based on the stipulations of the parties and the evidence adduced at trial, the Court finds the facts to be as set forth below.

*Findings of Fact —*

1. The plaintiff, Central Bank of the South (hereinafter "bank"), is the holder of a claim secured by the debtor's 1984 crop and the proceeds thereof.

2. The debtor delivered to the bank checks totalling $3,223.56 on January 9, 1985, which were proceeds from the sale of the debtor's 1984 crop.

3. On January 9, 1985, the debtor told a bank officer that he had filed a claim for crop insurance on the 1984 crop and was in the process of collecting the insurance proceeds. As admitted by the debtor, each of the parties to the conversation understood that the bank claimed the insurance proceeds, although the debtor did not explicitly promise to deliver the insurance proceeds to the bank.

4. The debtor received the insurance proceeds shortly thereafter in two checks totalling $7,805.44.

5. The debtor used the insurance proceeds in the amount of $7,805.44 for living expenses and for expenses and obligations in the operation of his farm, other than the debtor's obligation to the bank.

6. The debt owed the bank is, and was at that time, greater than the amount of the insurance proceeds.

*Conclusions of Law —*

The bank had a properly-perfected security interest in the debtor's 1984 crop and the proceeds thereof, and the bank holds an allowed claim secured thereby in the debtor's case. Insurance payable by reason of loss or damage to collateral is proceeds, subject to an exception not applicable here. Ala.Code § 7–9–306(1) (1975). Each of the parties in the instant case understood that the bank claimed a right to the insurance proceeds to be received by the debtor on account of loss or damage to the bank's collateral, i.e. the debtor's 1984 crop, even though the debtor did not explicitly promise to turn over the insurance proceeds to the bank. The insurance proceeds were property of the estate. 11 U.S.C. § 541(a)(6) and (7).

Section 727(a)(2)(B) of title 11, United States Code, provides:

(a) The court shall grant the debtor a discharge, unless—

.  .  .  .  .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

.  .  .  .  .

(B) property of the estate, after the date of the filing of the petition ...

There can be no dispute that the debtor's transfer[1] of the insurance proceeds after the filing of the petition has proven a hindrance or delay to the bank in collection of the debt owed the bank. Resolution of the bank's objection to discharge under 11 U.S.C. § 727(a)(2)(B) hinges, therefore, on the debtor's intent.

Cases interpreting the statute have held that *actual* intent to hinder or delay must be shown. *In re Devers*, 759 F.2d 751, 753 (9th Cir.1985). Intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct. *Id.* at 753–54, citations omitted. The question of whether a debtor has the requisite intent is a question of fact. *Matter of Reed*, 700 F.2d 986, 992 (5th Cir.1983).

Here, the debtor's transfer of the insurance proceeds was not inadvertent or negligent; the debtor knew the bank asserted an interest in the insurance proceeds. The debtor's transfer of the insurance proceeds was not based on a belief that the bank consented to the transfer of the insurance proceeds; the debtor understood that the bank was expecting to receive the insurance proceeds when the debtor obtained them. Despite the ultimate use of the insurance proceeds, it may be inferred from the amount of the transfer that the debtor

1. "'[T]ransfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an interest in property, including retention of title as a security interest." 11 U.S.C. § 101(41) (1982) (originally designated paragraph [40] by P.L. No. 95–598, the paragraph is now designated, with modification not applicable here, as paragraph [48], after intervening designations as paragraph [41], [43], and [44]).

was not motivated by ordinary personal concerns such as food or clothing, or by ordinary business concerns; it may be inferred that in transferring $7,805.44 subject to the bank's security interest, understood by both parties to be asserted against the insurance proceeds, the debtor intended to hinder or delay the bank. Further, it may be inferred from the debtor's actions that he knowingly concealed his receipt of the insurance proceeds with the intent of delaying or hindering the bank in enforcement of its rights to the insurance proceeds.

The bank has met its burden of proof under 11 U.S.C. § 727(a)(2) as required by Bankruptcy Rule 4005, and an order denying the debtor's discharge will be entered. Having concluded that the debtor's discharge should be denied based on 11 U.S.C. § 727(a)(2), the Court does not address the other grounds asserted by the bank for denying the debtor's discharge under 11 U.S.C. § 727 or the discharge of the debt owed the bank under 11 U.S.C. § 523.